**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

THE SAMUEL LAW FIRM
Michael Samuel, Esq. (MS 7997)
1441 Broadway, Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com
Attorneys for Plaintiff (Pending Pro Hac Vice application)

LAW OFFICE OF REENA FORST
Reena Forst, Esq. (Attorney ID No. 016051992)
345 Union Street
Hackensack, New Jersey 07601
T/P: (201) 568-5689
Fax: (201) 568-4479
Email: rforst@rflawfirm.com
Co-Counsel for Plaintiff

| | |
|---|---|
| Daniel Rodriguez,<br><br>*Plaintiff,*<br><br>v.<br><br>D' Carbon Restaurant LLC d/b/a D'Carbon Hawthorne, Ana Ayme, Lorena Delgado, and Darnell Baez,<br><br>*Defendants.* | CASE NO. 2:26-cv-13826<br><br>COMPLAINT |

Plaintiff Daniel Rodriguez ("Plaintiff" or "Rodriguez"), brings this action by and through his undersigned attorneys, for his complaint against defendants D' Carbon Restaurant LLC d/b/a D'Carbon Hawthorne, Ana Ayme, Lorena Delgado, and Darnell Baez (collectively hereinafter, "Defendants"), and alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff Rodriguez, a former employee of Defendants, pursuant to the Fair Labor Standards Act ( "FLSA"), 29 U.S.C. § 216(b), alleges that he is entitled to recover from Defendants, jointly

and severally: (i) unpaid overtime compensation for hours worked in excess of forty (40) hours per workweek for which he did not receive the statutory required overtime premium pay; and (ii) liquidated damages equal to the amount of unpaid wages, as provided by the FLSA, because the Defendants' various unlawful employment policies, patterns and/or practices were willful and lacked a good faith basis.

2. Plaintiff further complains that he is entitled to recover from Defendants: (i) unpaid overtime compensation for overtime work for which Defendants willfully failed to pay overtime premium pay, as required by the New Jersey Administrative Code ("NJAC") § 12:56-6.1 et seq. and NJWPL, § 34:11-4.2; and (ii) liquidated damages in the amount up to 200% of the actual unpaid wages due, as a result of Defendants' knowing and willful failures to pay wages of at least the minimum wage and overtime compensation, provide wage statements and hiring notices and to maintain accurate payroll records, as required by the NJWHL, NJWPL, and the New Jersey Wage Theft Law ("NJWTL").

3. As a result of the Defendants' willful violations above, Plaintiff further seeks to recover from Defendants reasonable attorneys' fees, expert fees, costs and disbursements incurred in connection with this action, pursuant to the FLSA, NJWHL, NJWPL, NJAC and NJWTL and interest as permitted by law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 216(b), and supplemental jurisdiction over Plaintiffs' New Jersey state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

**THE PARTIES**

6. Plaintiff Rodriguez is an adult individual residing Patterson, New Jersey.

7. Defendant D' Carbon Restaurant LLC d/b/a D'Carbon Hawthorne is a New Jersey corporation, with a principal place of business at 142 Goffle Rd, Hawthorne, New Jersey 07506 (hereinafter, "D'Carbon Hawthorne").

8. At all times relevant herein, defendant D'Carbon Hawthorne has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9. Upon information and belief, at all relevant times, defendant D'Carbon Hawthorne has had gross revenues in excess of $500,000.00.

10. Upon information and belief, at all relevant times herein, defendant D'Carbon Hawthorne has used goods and materials produced in interstate commerce and have employed at least two individuals who handled such goods and materials.

11. Upon information and belief, at all relevant times herein, defendant D'Carbon Restaurant LLC is/was also known as D'Carbon Hawthorne.

12. Upon information and belief, at all relevant times herein, defendant Ana Ayme is an adult individual who is an owner or part owner and principal of D'Carbon Restaurant LLC, and/or a manager of the business and has/had the power to hire and fire employees, set wages and work schedules, maintain employment records, and make payments to employees, including Plaintiff (hereinafter, "Ayme").

13. Upon information and belief, at all relevant times herein, defendant Lorena Delgado is an adult individual who is an owner or part owner and principal of D'Carbon Restaurant LLC, and/or a manager of the business and has/had the power to hire and fire employees, set wages and work

schedules, maintain employment records, and make payments to employees, including Plaintiff (hereinafter, "Delgado").

14. Upon information and belief, at all relevant times herein, defendant Darnell Baez is an adult individual who is an owner or part owner and principal of D'Carbon Restaurant LLC, and/or a manager of the business and has/had the power to hire and fire employees, set wages and work schedules, maintain employment records, and make payments to employees, including Plaintiff (hereinafter, "Baez").

15. At all times relevant herein, defendants Ayme, Delgado and Baez has been involved in the day-to-day operations of D'Carbon Restaurant LLC and played active role in managing the business, scheduling, supervising and paying Plaintiff during his employment by Defendants.

16. At all relevant times herein, Defendants owned and operated a restaurant located at 142 Goffle Rd, Hawthorne, New Jersey 07506, doing business under the name D'Carbon Hawthorne ("Restaurant").

17. At all relevant times herein, Defendants each constituted an "employer" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

**FACTS**

18. Consistent with their regular business practices, policies and patterns as described herein, Defendants harmed plaintiff Rodriguez as follows:

19. Plaintiff Rodriguez was employed by Defendants from approximately June 2022 until September 13, 2026, performing cooking services in Defendants' Restaurant.

20. During his employment by Defendants, plaintiff Rodriguez typically worked a regular schedule of five days per week as follows: Wednesday, Thursday, Friday, Saturday, and Sunday, on alternating weekly schedules: from 10:00 a.m. to 10:00 p.m. one week and from 12:00 p.m. to 12:00

a.m. the following week; typically working approximately 60 hours per week, with Monday and Tuesday off.

21. During his employment by Defendants from June 2022 through December 2022, plaintiff Rodriguez also worked on Tuesdays, approximately once per month.

22. During his employment by Defendants, from June 2022 through December 2022, plaintiff Rodriguez was paid weekly, in cash at a rate of $150 per day.

23. During his employment by Defendants, from January 2023 until September 13, 2026, plaintiff Rodriguez was paid weekly, partially by check and partially in cash as follows: $400 per week by check and $600 per week in cash.

24. Plaintiff Rodriguez no paystubs reflecting his wages or the total number of hours he worked, including hours worked in excess of (40) hours per week.

25. As a result, at all times relevant herein, during his employment by Defendants, Defendants willfully failed to pay plaintiff Rodriguez any overtime premium for all hours he worked beyond 40 hours in a workweek.

26. Defendants willfully failed to provide plaintiff Rodriguez accurate wage statements as required by the Fair Labor Standards Act (FLSA) and never furnished plaintiff Rodriguez with written notice of his rate of pay, employer's regular payday, or other statutorily required information.

27. As a direct result of these failures, plaintiff Rodriguez has suffered financial harm.

**Defendants' General Unlawful Employment Practices**

28. While employed by Defendants, plaintiff Rodriguez was not exempt under federal and state laws requiring employers to pay their employees overtime compensation.

29. Defendants failed to pay plaintiff Rodriguez his overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours he worked beyond 40 hours in a workweek, in

violation of the FLSA, the NJAC.

30. Defendants' failure to pay plaintiff Rodriguez his overtime bonus for additional overtime hours he worked was willful and lacked a good faith basis, because defendants Ayme, Delgado and Baez set plaintiff Rodriguez's work schedule and rate of pay and was aware that Plaintiff was working in excess of forty hours per week during his employment, without any compensation.

31. Defendants' actions alleged herein were willful because Defendants are aware of, and by law are charged with the knowledge that under the FLSA and NJWHL, they are required to pay employees performing non-exempt duties, including plaintiff Rodriguez, overtime pay at a one-and-one-half the regular rate for work in excess of forty (40) hours per work week, as evidenced by training materials, handbook, memos, or correspondence that discuss the FLSA and NJWHL.

32. Throughout plaintiff Rodriguez's employment by Defendants, Defendants willfully failed to provide Plaintiff with a written notice providing the information including, inter alia, the Defendants' contact information, the regular and overtime rates, and intended allowances claimed - and failed to obtain Plaintiff's signature acknowledging the same upon Plaintiff's hiring, or at any time thereafter, in violation of the FLSA, NJWPL, NJWHL and NJWTL, causing him financial harm resulting from his not being informed of the actual amount of hours he worked and actual amount he has been paid on an hourly basis and the lawfully applicable rates of pay owed him at all relevant times herein.

33. Upon information and belief, at all relevant times herein, Defendants failed to keep full and accurate records of plaintiff Rodriguez's hours and wages.

34. Due to Defendants' failure to maintain full and accurate time records and provide accurate wage notices and/or wage statements, plaintiff Rodriguez was unable to determine his correct rate of pay, suffered confusion about their pay rate and overtime eligibility, and was unable to make informed decisions about his work hours, causing him to suffer actual monetary losses.

35. Upon information and belief, while Defendants employed plaintiff Rodriguez, and through all relevant time periods, Defendants failed to post or keep posted a notice explaining the minimum/regular wage pay rates, overtime pay rates and payday, as required by the FLSA, NJWHL and New Jersey State Department of Labor.

36. As a result of their unlawful regular business practices, Defendants have intentionally, willfully, repeatedly, and in bad faith violated the FLSA, NJWPL, NJWHL, NJAC and NJWTL, causing significant harm and damage to plaintiff Rodriguez through a consistent pattern or policy of these violations.

**COUNT I**
**Violations of the Fair Labor Standards Act**
**(Failure to Pay Overtime Compensation)**

37. Plaintiff, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

38. At all times relevant hereto, Plaintiff has been a covered employees within the meaning of the FLSA.

39. At all times relevant to this action, Defendants were employers of Plaintiff within the meaning of the Fair Labor Standards Act, NJWHL and other applicable laws.

40. Throughout the relevant time period, Plaintiff worked for Defendants in excess of forty (40) hours per workweek.

41. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

42. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

43. At all relevant times, Defendants had, and continue to have, a pattern and practice of regularly and repeatedly refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, the NJWHL and other applicable laws.

44. Defendants' willful and intentional failure to pay Plaintiff his overtime compensation constituted a willful violation of the FLSA, the NJWHL and other applicable laws, and lacked a good faith basis within the meaning of the FLSA and the NJWPL, because Defendants set Plaintiff's work schedule and compensation and were aware of the number of hours Plaintiff was working per week during his employment by Defendants.

45. Due to Defendants' FLSA, NJWHL and NJWPL violations, Plaintiff is entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, costs and disbursements of this action, and such other legal and equitable relief as this Court deems just and proper.

**COUNT II**
**Violation of New Jersey Wage and Hour Law (NJWHL)**
**(Failure to Pay Overtime Compensation)**

46. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

47. At all relevant times, Plaintiff has been employed by Defendants, and Defendants were employers of Plaintiff within the meaning of the New Jersey Wage and Hour Law.

48. NJWHL § 34:11-56a et seq. requires employers to compensate their employees at a rate

not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, whichever is greater, for any hours worked exceeding forty in a workweek.

49. Throughout the relevant time period, Plaintiff worked for Defendants in excess of forty (40) hours per workweek, each week, yet Defendants willfully and knowingly failed to pay overtime compensation to Plaintiff at one and one-half times the hourly rate to which Plaintiff are entitled, in violation of the NJWHL's overtime provisions.

50. Defendants' failure to pay their employees, including Plaintiff, overtime was willful, and lacked a good faith basis, within the meaning of the New Jersey Wage and Hour Law, because Defendants set Plaintiff's work schedule and compensation and were aware of the number of hours Plaintiff was working per week during his employment by Defendants.

51. Due to the Defendants' NJWHL violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest as permitted by law, reasonable attorneys' fees and costs and disbursements of the action pursuant to NJWHL §§34:11-56a *et seq.*

**COUNT III**
**Violation of New Jersey Wage Payment Law (NJWPL)**
**(Failure to Pay Full Amount of Wages)**

52. Plaintiff, on behalf of himself and all FLSA Collective Action Members repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

53. At all relevant times, Plaintiff has been employed by Defendants, and Defendants were employers of Plaintiff within the meaning of the New Jersey Wage and Hour Law.

54. NJWPL § 34:11-4.2 requires employers to "pay the full amount of wages due to [the] employees at least twice during each calendar month, on regular pay days designated in advance by the employer[.]"

55. Throughout the relevant time period, Plaintiff worked in excess of forty (40) hours per workweek, each week, yet Defendants paid Plaintiff only straight-time wages for most hours worked by neglecting to pay the overtime premium for all hours worked beyond forty per week.

56. Plaintiff has not been paid the full amount of wages due to him.

57. Defendants' failure to compensate Plaintiff in the full amount of wages due to him as required by the NJWPL, was willful, and lacked a good faith basis, within the meaning of New Jersey Wage Payment Law, Defendants set his work schedule and compensation, directly paid him, and were aware of the number of hours Plaintiff was working per week during his employment by Defendants.

58. Due to the Defendants' NJWPL violations, Plaintiff is entitled to recover from Defendants the unpaid portion of the full amount of wages due to him, liquidated damages, interest as permitted by law, reasonable attorneys' fees and costs and disbursements.

**COUNT IV**

**Violation of New Jersey Wage and Hour Law (NJWHL), New Jersey Wage Payment Law (NJWPL) and New Jersey Wage Theft Law (NJWTL)**

**(Failure to Provide Hiring Notices)**

59. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

60. Defendants failed to furnish Plaintiff at the time of hiring with a notice stating his rights as an employee under the New Jersey Wage Payment Law, §34:11-1, et seq., the New Jersey State Wage and Hour Law, §34:11-56a, et seq., and the New Jersey Wage Theft Law, §34:11-56a, et seq.

61. Defendants' foregoing conduct constituted a willful violation and lacked a good faith basis within the meaning of the New Jersey Wage Payment Law, §34:11-1, et seq., the New Jersey State Wage and Hour Law, §34:11-56a, et seq., and the New Jersey Wage Theft Law, §34:11-56a, et seq., causing financial harm to Plaintiff by preventing him from receiving his lawfully owed

compensation including overtime premium.

62. As a result of the foregoing violations, Plaintiff is entitled to recover from Defendants a penalty pursuant to the New Jersey Wage Payment Law, §34:11-1, et seq., the New Jersey State Wage and Hour Law, §34:11-56a, et seq., and the New Jersey Wage Theft Law, §34:11-56a, et seq.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Action Members respectfully requests that this Court enter judgment granting the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful and in violation of the FLSA, NJWPL, NJWHL and NJWTL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. A compensatory award of unpaid overtime compensation, at the statutory overtime rate, due under the FLSA, NJWPL and NJWHL;

d. An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216, New Jersey Wage Payment Law, §34:11-1, et seq., the New Jersey State Wage and Hour Law, §34:11-56a, et seq., and the New Jersey Wage Theft Law, §34:11-56a, et seq.;

e. An award of an additional amount of liquidated damages equal to 200% of the actual unpaid wages due, as recoverable by the NJWHL and NJWPL;

f. An award of statutory penalties for Defendants' failure to provide accurate wage statements and hiring notices pursuant to the NJWPL and NJWTL;

g. An award of reasonable attorneys' and expert fees pursuant to 29 U.S.C.

§216(b), New Jersey Wage Payment Law, §34:11-1, et seq., the New Jersey State Wage and Hour Law, §34:11-56a, et seq., and the New Jersey Wage Theft Law, §34:11-56a, et seq.;

h. An award of costs and disbursements incurred in connection with this action;

i. An award of prejudgment and post-judgment interest;

j. Such other, further, and different relief as this Court deems just and proper.

Dated: New York, New York
October 23, 2026

Respectfully submitted,

By: *__/s/ Reena Forst__*

Reena Forst, Esq. (Attorney ID No. 016051992)
LAW OFFICE OF REENA FORST
345 Union Street
Hackensack, New Jersey 07601
T/P: (201) 568-5689
Fax: (201) 568-4479
Email: rforst@rflawfirm.com
*Attorneys for Plaintiff*